IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MITCHELL QUARLES, | ) CIVIL NO. 05-00630 HG/KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION DENYING |
| vs. | ) OFFICER DEFENDANTS' MOTION |
| | ) FOR SUMMARY JUDGMENT |
| MICHAEL CUSUMANO, JOSEPH LUM, and CITY AND COUNTY OF HONOLULU, | ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION DENYING OFFICER DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

On August 29, 2006, Defendants Michael Cusumano Joseph Lum ("Officer Defendants") filed a Motion for Summary Judgment ("Motion"). On October 11, 2006, Defendants Michael Cusumano, Joseph Lum, and City and County of Honolulu ("Defendants") filed a Supplemental Memorandum of Points and Authorities in Support of

Motion for Summary Judgment filed August 29, 2006.[1]  On October 11, 2006, Plaintiff Michael Quarles ("Plaintiff") filed an Opposition ("Opposition").  On October 23, 2006, Defendants filed a Reply ("Reply").

The matter came on for hearing on November 3, 2006.  John Rapp appeared on behalf of Plaintiff; Curtis Sherwood appeared on behalf of Defendants.  After considering the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court hereby FINDS and RECOMMENDS that Officer Defendants' Motion be DENIED.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  The moving party has the initial

---

[1]  It is unclear whether the inclusion of Defendant City and County of Honolulu in Defendants' Supplemental Memorandum and Reply was intentional or inadvertent. Given that Officer Defendants filed the initial Motion, the Court will consider the addition of Defendant City and County of Honolulu to have been inadvertently added.

burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Chelates Corp. v. Citrate, 477 U.S. 317, 323 (1986)).  In a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  T.W. Elec., 809 F.2d at 630; Fed. R. Civ. P. 56(e).  The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory.  Intel Corp. v. Hartford Accident & Indemnity Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  The nonmoving party cannot stand on its pleadings, nor can it simply assert

that it will be able to discredit the movant's evidence at trial.  T.W. Elec., 809 F.2d at 630; Blue Ocean Preservation Soc. v. Watkins, 754 F. Supp. 1450, 1455 (D. Haw. 1991); Fed. R. Civ. P. 56(e).

If the nonmoving party fails to assert specific facts, beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered.  Lujan v. Natal Wildlife Fed'n, 497 U.S. 871, 884 (1990); Fed. R. Civ. P 56(e).  There is no genuine issue of fact if the opposing party fails to offer evidence sufficient to establish the existence of an element essential to that party's case.  Chelates, 477 U.S. at 322; Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994); Blue Ocean, 754 F. Supp. at 1455.

In considering a motion for summary judgment, "the court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence."

T.W. Elec., 809 F.2d at 631 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986)).  Inferences must be drawn in favor of the nonmoving party.  T.W. Elec., 809 F.2d at 631.  However, when the opposing party offers no direct evidence of a material fact, inferences may be drawn only if they are reasonable in light of the other undisputed background or contextual facts and if they are permissible under the governing substantive law.  Id. at 631-32.  If the factual context makes the opposing party's claim implausible, that party must come forward with more persuasive evidence than otherwise necessary to show there is a genuine issue for trial.  Bator v. State of Hawaii, 39 F.3d 1021, 1026 (9th Cir. 1994) (citing California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988)).

## DISCUSSION

On September 30, 2005, Plaintiff, proceeding pro se, filed a document entitled, "Motion for right to

5

sue HPD pro se litigate, in forma pauperis status, police brutality use of excessive force."  On October 14, 2005, Chief District Judge Helen Gillmor issued an Order Dismissing Complaint with Leave to Amend and Denying in Forma Pauperis Request.  In that Order, the court construed Plaintiff's September 30, 2005 filing as a Complaint, noting that it was incomplete because it was not filed on the court's prisoner civil rights form.  Therefore, the court stated, "[t]he complaint is dismissed with leave granted to amend, so that Quarles may file an amended complaint on the court's approved form, providing all of the form's requested information."  On November 15, 2005, Plaintiff filed an Amended Civil Rights Complaint.

In their Motion, Officer Defendants argue that summary judgment should be granted because Plaintiff did not file his action within the two-year statute of limitations period for 42 U.S.C. § 1983 actions as set forth in Hawaii Revised Statute § 657-7 and <u>Pele Defense Fund v. Paty</u>, 837 P.2d 1247 (Haw. 1992).  In

6

particular, Officer Defendants argue that Plaintiff's initial filing on September 30, 2005 should not be construed as a Complaint for statute of limitations purposes. Officer Defendants submit that the Complaint in this case was filed on November 15, 2005.

The parties do not dispute that a two-year statute of limitations applies in this case. The principal issue is whether the Court should construe Plaintiff's September 30, 2005 filing as a complaint for statute of limitations purposes. After carefully reviewing the contents of Plaintiff's September 30, 3005 filing, and in accordance with Judge Gillmor's October 14, 2005 Order, the Court construes Plaintiff's September 30, 2005 filing as a Complaint. The incident giving rise to Plaintiff's Complaint took place on October 28, 2003. Therefore, the Court finds that Plaintiff has filed his action within the applicable two-year statute of limitations period. Consequently, the Court FINDS and RECOMMENDS that Defendants' Motion be DENIED.

CONCLUSION

For all of the aforementioned reasons, the Court FINDS and RECOMMENDS that Defendants' Motion be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, November 7, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 05-00630 HG-KSC.  MITHCELL QUARLES VS. MICHAEL CUSUMANO, JOSEPH LUM, and CITY AND COUNTY OF HONOLULU; FINDINGS AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT